IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLSBORO INDUSTRIAL PARK, L.P., | No. 4:20-CV-00814 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WAUPACA FOUNDRY, INC., HITACHI METALS AMERICA, LTD., and HITACHI METALS AUTOMOTIVE COMPONENTS USA, LLC, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### AUGUST 26, 2020

## I.  BACKGROUND

Defendants have moved to dismiss part of Plaintiff Wellsboro Industrial Park, L.P.'s ("WIP") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Defendants seek dismissal of counts III (negligence), IV (strict liability), V (nuisance), and VI (trespass) of WIP's complaint.[1]  The Court denies Defendants' motion.

---

[1] Doc. 6 at 2; Doc. 1-1 at ¶¶ 100-113.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[2] and "streamlines litigation by dispensing with needless discovery and factfinding."[3] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[4] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[5]

Following the Roberts Court's "civil procedure revival,"[6] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[7] and *Ashcroft v. Iqbal*[8] tightened the standard that district courts must apply to 12(b)(6) motions. These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

---

[2] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[3] *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).
[4] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).
[5] *Neitzke*, 490 U.S. at 327.
[6] Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 REV. LITIG. 313, 316, 319-20 (2012).
[7] 550 U.S. 544 (2007).
[8] 556 U.S. 662, 678 (2009).
[9] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts

---

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[11] *Iqbal*, 556 U.S. at 678.
[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[13] *Twombly*, 550 U.S. at 556.
[14] *Iqbal*, 556 U.S. at 679.
[15] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

alleged in the light most favorable to [the plaintiff]."[16]  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[17]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

### B.    Facts Alleged in the Complaint

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

WIP owns an industrial park at 9728 Route 276 North, Wellsboro, Tioga County, Pennsylvania.[20]  WIP leased the industrial park to Defendants.[21]  WIP alleges that Defendants contaminated the industrial park via spraying

---

[16]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[17]   *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[18]   *Iqbal*, 556 U.S. at 678.
[19]   *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[20]   Doc. 1-1 at ¶ 5.
[21]   *See* Doc. 1-1 at ¶¶ 25-43.

metalworking fluid and other contaminants and hazardous materials.[22]  Further, WIP alleges that, due to the contamination, "oily residue coated everything inside the plant, in particular the roofing structure, electrical fixtures, and insulation."[23]  The industrial park "remain[s] unfit for use, occupation, sale, or tenancy."[24]

**C.    Analysis**

Here, the complaint's negligence, strict liability, nuisance, and trespass claims all relate to the alleged contamination of the industrial park that WIP had leased to Defendants.[25]

From a reading of WIP's complaint, the Court suspects that WIP's claims here may "turn[] on the sufficiency of [Defendants'] performance under the terms of the" lease that Defendants made with WIP.[26]  To wit, the lease provides that Defendants needed to return the industrial park in "good condition, order, and repair" at the termination of the lease.[27]

However, "caution should be exercised in determining the gist of an action at the motion to dismiss stage."[28]  Further, [a]pplication of this doctrine frequently

---

[22]   *See* Doc. 1-1 at ¶ 51.
[23]   *See* Doc. 1-1 at ¶¶ 52-61.
[24]   Doc. 1-1 at ¶ 64.
[25]   Doc. 1-1 at ¶¶ 100-113.
[26]   *Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 833 (E.D. Pa. 2000), *on reconsideration in part sub nom. Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 126 F. Supp. 2d 937 (E.D. Pa. 2001)
[27]   Doc. 1-1 at ¶ 92.
[28]   *Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000), *on reconsideration in part sub nom. Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 126 F. Supp. 2d 937 (E.D. Pa. 2001)

requires courts to engage in a factually intensive inquiry as to the nature of a plaintiff's claims."[29]  Without the benefit of this more probing inquiry, the Court hesitates to dismiss the four counts in question at this juncture.  Discovery "will provide the parties and the court a better idea of which, if any, claims are precluded."[30]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. 3, is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[29] *Addie v. Kjaer*, 737 F.3d 854, 868 (3d Cir. 2013).
[30] *Am. Auto. Ins. Co. v. L.H. Reed & Sons, Inc.*, No. 3:14CV1911, 2015 WL 1566224, at *3 (M.D. Pa. Apr. 8, 2015).